## MERCANTILE TRUST CO. v. ATLANTIC & P. R. CO. et al.

### (Circuit Court, S. D. California. November 14, 1895.)

### No. 584.

1. RAILROAD FORECLOSURE—SUCCESSIVE MORTGAGES—SEPARATE SUITS—PROPERTY IN POSSESSION OF COURT.

The M. Trust Co. brought a suit against the A. R. Co. for the foreclosure of a second mortgage, made by the railroad company, in which suit receivers were appointed, who took possession of and operated the road. An amended and supplemental bill was afterwards filed, bringing in·as a party the U. Trust Co., the trustee in a first mortgage made by the A. R. Co., and praying for the ascertainment of the nature and amount of the lien of the first mortgage. After a demurrer to this bill by the U. Trust Co. had been overruled, that company petitioned the court for leave to institute an independent suit for the foreclosure of the first mortgage, annexing its proposed bill, which made parties not only the A. R. Co. but the. receivers, the M. Trust Co., the B. Trust Co., trustee of an income mortgage, and the T. and S. railroad companies, which were alleged to own a controlling interest in the A. R. Co., and to have guarantied a part of the interest on the first mortgage bonds. No relief, ·however, was asked against any of these parties. *Held,* that the petition should be denied, since the rights sought to be enforced by the U. Trust Co. in an independent suit could be set up and enforced in the suit of the M. Trust Co.; and the court, having actual possession of the property, could in that suit ascertain the amounts due on the first and second mortgages, and decree a sale of the property, and distribution of the proceeds to the proper parties.

2. EQUITY PRACTICE—CROSS BILL—NEW PARTIES.

*Held,* further, that the fact that the bill of the U. Trust Co. named additional parties was no reason for permitting it to be filed, since, if they should appear to be necessary parties, they could be brought into the M. Trust Co.'s suit by cross bill, or by a bill in the nature of a cross bill, for the affirmative relief sought by the U. Trust Co. in respect to matters connected with the subject of the original bill.

This was a suit by the Mercantile Trust Company against the Atlantic & Pacific Railroad Company and others for the foreclosure of a second mortgage. The United States Trust Company, trustee in a first mortgage, and a party to the suit, petitioned for leave to bring an independent suit for foreclosure of such first mortgage. Denied.

Alexander & Green and White & Monroe, for complainant.
Edward D. Kenna, for defendants.
Edward W. Sheldon and A. W. Hutton, for petitioner.
C. H. Sterry, for receivers.

ROSS, Circuit Judge. On the 8th day of January, 1894, the Mercantile Trust Company, a corporation organized and existing under the laws of the state of New York, filed a bill in equity in this court against the Atlantic & Pacific Railroad Company, a corporation organized and existing under the laws of the United States, for the purpose of obtaining the appointment of a receiver of the property of the defendant Atlantic & Pacific Railroad Company situated within this judicial district, upon the grounds that the complainant was the holder, as trustee, of a second mortgage upon the

defendant railroad company's property, consisting of a line of railroad, with its appurtenances, extending from Isleta, in the territory of New Mexico, through that territory and the territory of Arizona, to Mojave, in the state of California, and that the defendant railroad company had committed such breaches of the conditions of the mortgage in respect to the payment of taxes and assessments upon the mortgaged property, and otherwise, as made it proper and necessary, for the protection of the property and of the interests of those holding liens upon it, that the court should take it into its possession by means of a receiver. The bill so filed alleged that the mortgage was made to secure an issue of bonds known as the "second mortgage six per cent. guarantied gold bonds" of the Atlantic & Pacific Railroad Company, Western Division, limited to $10,000 a mile of completed railroad of the Western Division of the Atlantic & Pacific Railroad Company, to be guarantied severally, but not jointly, as to payment of one-half of the principal and interest by the Atchison, Topeka & Santa Fe Railroad Company, and as to one-half of the principal and interest by the St. Louis & San Francisco Railway Company, and which two last-named companies joined in the execution of the mortgage as guarantors of such payments; that of the bonds authorized to be issued under, and to be secured by, that mortgage, the defendant Atlantic & Pacific Railroad Company made and issued, and the complainant, as trustee, certified, second mortgage 6 per cent. guarantied gold bonds for the principal sum of $5,600,000, of which $5,500,000 are now actually outstanding. Notwithstanding the fact that none of the bonds for the security of which the second mortgage to the complainant Mercantile Trust Company was made had become due, or any interest thereon remained due and unpaid, yet the facts alleged in the bill were such as not only made it proper and necessary, for the protection of those having interests in the property, for the court to take it into its possession, but the bill averred that the breaches committed by the defendant railroad company of the conditions of the second mortgage entitled the complainant to a foreclosure of that mortgage; and the prayer was for its foreclosure, as well as for the appointment of a receiver of the property pending the suit. Similar suits had before been commenced in other jurisdictions in which a portion of the railroad of the defendant Atlantic & Pacific Company is situated, and three receivers of such property, so situated, were, by each of those courts, appointed. The same receivers were appointed by this court to take possession of, and to operate, that portion of the road of the defendant company situated within this judical district. The receivers so appointed took possession of the property, and continued its operation. One of such receivers subsequently resigned his position, and another was appointed in his place. Thereafter, and on June 14, 1895, the complainant filed an amended and supplemental bill of complaint, making the United States Trust Company, a corporation organized and existing under the laws of the state of New York, a party defendant, together with the Atlantic & Pacific Railroad Company, in which, after setting out the proceedings under the original bill, the complainant alleged that on or about the 1st day of March,

1894, September 1, 1894, and March 1, 1895, there became due and payable upon the bonds issued under, and secured by, the mortgage to the complainant certain installments of interest, which, upon demand therefor, the defendant Atlantic & Pacific Railroad Company refused to pay, and which then remained due and unpaid; that on or about the 1st day of July, 1880, the defendant Atlantic & Pacific Railroad Company, in order to secure the payment of certain bonds, and the coupons therein referred to, executed to the defendant United States Trust Company of New York, as trustee, a mortgage upon the property of the Atlantic & Pacific Company, covering a part, at least, of the property embraced by the second mortgage to the complainant; that of the bonds authorized to be issued under, and secured by, the first mortgage to the United States Trust Company, $16,000,000 in amount were duly issued and executed by the defendant railroad company, and certified by the defendant United States Trust Company of New York, as trustee, and are now outstanding and unpaid; that default has been made in the payment of the interest represented by the coupons attached to those bonds, or some of them, and that, in consequence of such default, it is within the power of the holders of such bonds to elect that the entire principal sum thereof has become due and payable, as provided in the mortgage; that the defendant United States Trust Company of New York has, and claims to have, an interest in or lien upon the property covered by the second mortgage to the complainant therein, and in the original bill sought to be foreclosed, or some part thereof. The prayer of the amended and supplemental bill of complaint was that the defendant Atlantic & Pacific Railroad Company be ordered to make further answer unto the amended and supplemental bill; that an account be taken of the amount due for principal and interest upon the bonds issued and secured by the mortgage to complainant as trustee, and that the defendant railroad company be decreed to pay the same, or, in default thereof, that the property covered by the mortgage to complainant, as trustee, be sold, according to the course and practice of the court, and the proceeds of such sale be distributed according to the terms and conditions of the bonds and mortgage securing the same; and, further, that the amount due and payable on account of the principal and interest of the bonds issued under and secured by the first mortgage to the defendant United States Trust Company of New York, as trustee, be ascertained and adjudged, and that the nature and extent of the lien of those bonds, and of the mortgage securing the same, be ascertained and determined.

The defendant Atlantic & Pacific Railroad Company filed an answer to the original bill, admitting the allegations thereof in respect to its obligations and debts, and as to its inability to meet and satisfy the same when and as they became due and payable, and consenting to the relief demanded by the complainant. To the amended and supplemental bill of complaint filed June 14, 1895, the defendant United States Trust Company of New York filed, on August 28, 1895, a demurrer, upon the grounds, first, that the amended and supplemental bill shows upon its face that the defendant United States Trust Company of New York is neither a necessary nor proper party

thereto; and, second, that the amended and supplemental bill does not state a case entitling the complainant to any discovery or relief from or against the defendant United States Trust Company. The demurrer was by the court (Judge Wellborn presiding) overruled, and the defendant United States Trust Company of New York given time within which to answer the amended and supplemental bill, which time had not expired at the time of the presentation to the court of a petition (now for disposition) by that company for leave to institute and prosecute to final judgment an independent suit in this court for the foreclosure of the mortgage executed by the Atlantic & Pacific Railroad Company to the United States Trust Company of New York, as trustee, and for the appointment of a receiver to take possession and control of the property covered thereby, and to operate the same pending the suit.

The petition, to which is annexed, as a part thereof, a copy of the bill of complaint sought to be brought, alleges, among other things, that in the suit of the Mercantile Trust Company against the Atlantic & Pacific Railroad Company, Aldace F. Walker, John J. McCook, and Joseph C. Wilson were theretofore duly appointed receivers of the property and franchises of the Atlantic & Pacific Railroad Company, and that the receivers so appointed duly qualified as such, and entered upon the discharge of their duties, and have since been, and now are, in the actual possession of the property, and engaged in operating the road. In addition to the receivers of this court heretofore appointed in the suit of the Mercantile Trust Company against the Atlantic & Pacific Railroad Company, the bill of complaint which the United States Trust Company asks leave to bring makes defendants the Atlantic & Pacific Railroad Company, the Atchison, Topeka & Santa Fe Railroad Company, a corporation organized and existing under the laws of Kansas, the St. Louis & San Francisco Railway Company, a corporation organized and existing under the laws of the state of Missouri, the Mercantile Trust Company of New York, and the Boston Safe-Deposit & Trust Company, a corporation organized and existing under the laws of the state of Massachusetts. It affirmatively appears from the bill which the United States Trust Company asks leave to bring that the property covered by the mortgage that it thus seeks to foreclose, and in respect to which it seeks the appointment of a receiver, pending the determination of the suit, is the same property covered by the second mortgage executed by the Atlantic & Pacific Railroad Company to the Mercantile Trust Company of New York, as trustee, and of which this court has already appointed receivers, who have since been, and now are, in its actual possession and control, and engaged in its operation, under the orders of the court, in the interest of all parties concerned therein. True, the bill which the United States Trust Company asks leave to bring against the receivers of this court, so appointed, makes also parties defendants corporations not parties to the suit of the Mercantile Trust Company against the Atlantic & Pacific Railroad Company et al., namely, the Atchison, Topeka & Santa Fe Railroad Company, the St. Louis & San Francisco Railway Company, and the Boston Safe-Deposit

& Trust Company. In respect to the Atchison, Topeka & Santa Fe Railroad Company and St. Louis & San Francisco Railway Company, the bill which the United States Trust Company asks leave to bring alleges that, prior to the making of the mortgage to the United States Trust Company, as trustee, the Atchison, Topeka & Santa Fe Railroad Company and St. Louis & San Francisco Railway Company acquired the control of the defendant Atlantic & Pacific Railroad Company, through the purchase and ownership of a majority of its capital stock; that the bonds secured by that first mortgage were issued and disposed of for the purpose of completing the line of railroad of the Atlantic & Pacific Railroad Company known as its "Western Division," from Albuquerque, on the Rio Grande river, in the territory of New Mexico, to the Needles, on the Colorado river, on the boundary of the state of California, in order to form, with the railroad of the Atchison, Topeka & Santa Fe Railroad Company and the St. Louis & San Francisco Railway Company, a through line to the Pacific coast; and that, for good and valuable considerations, the Atchison, Topeka & Santa Fe Railroad Company and St. Louis & San Francisco Railway Company, on the 1st day of July, 1880, as additional security for the payment of the principal and interest of the bonds secured by the mortgage executed to the United States Trust Company of New York, as trustee, executed an agreement, whereby they severally covenanted with the Atlantic & Pacific Railroad Company and the United States Trust Company, as trustee of the mortgage, that, if the earnings from the said Western Division should prove insufficient to pay all coupons on the bonds as they matured, they would contribute ratably, for the purpose of paying and canceling the same, such sum as might be necessary for the purpose from their respective earnings upon all business arising from and delivered to said Western Division, not exceeding 25 per cent. of the gross amount of their said described earnings.

In respect to the Boston Safe-Deposit & Trust Company, the bill which the United States Trust Company asks leave to bring alleges that, on or about the 1st day of October, 1880, the Atlantic & Pacific Railroad Company executed to the Boston Safe-Deposit & Trust Company, as trustee, a certain mortgage or deed of trust, known as its "Income Mortgage," in and by which it agreed with the trustee to make up and furnish to the trustee, from time to time, a fair and just account of payments and expenses and gross and net earnings of said Western Division for the six months ending on each 1st day of January and July in each year, so as to exhibit the true sum applicable to the payment of interest on the income bonds referred to in the mortgage or trust deed, and to pay the said interest, or so much thereof as had been earned, on the 1st days of April and October in each year; that the said indenture was so made for the purpose of securing the payment of the principal and interest of bonds to be issued to an amount not exceeding $18,750 a mile of completed road, and that such income bonds have been issued thereunder, and are now outstanding, to an amount, in the aggregate, of $12,000,000, which bonds are subordinate to the lien of those se-

cured by the first mortgage executed to the United States Trust Company of New York. No affirmative relief, however, is asked against the Atchison, Topeka & Santa Fe Railroad Company, the St. Louis & San Francisco Railway Company, or the Boston Safe-Deposit & Trust Company, in the bill sought to be brought by the United States Trust Company. The prayer is only for a foreclosure of its first mortgage, the appointment of a receiver to take possession of the mortgaged property, and operate it, pending the suit, for a sale of the property to satisfy the complainant's demand, and for judgment over against the Atlantic & Pacific Company for any deficiency that may be found to exist.

All of the property covered by both mortgages that is situated within this judicial district, having been taken by the court into its possession by means of receivers, for the benefit of all parties concerned in it, in accordance with their respective rights, I am unable to see any valid reason why every right sought to be enforced by the United States Trust Company by the bill it seeks to bring may not be set up and enforced in the suit brought by the Mercantile Trust Company, to which it is already a party. Having the actual possession of all of the property of the Atlantic & Pacific Railroad Company situated within this judicial district that is covered by the first mortgage to the United States Trust Company, as well as by the second mortgage to the Mercantile Trust Company, there is surely no good reason why the court may not, in the one suit, ascertain and determine how much is due on the first mortgage, and how much is due on the second, and decree a sale of the mortgaged property to pay, after discharging the necessary and proper expenses of the receivership, first, the amount due upon the first mortgage, and, next, that due upon the second mortgage, with the proper judgment or judgments over against the mortgagor for any deficiency that may be found to exist. The fact that three foreign corporations, namely, the Atchison, Topeka & Santa Fe Railroad Company, the St. Louis & San Francisco Railway Company, and the Boston Safe-Deposit & Trust Company are made parties defendant to the proposed bill, and are not parties to the suit brought by the Mercantile Trust Company, is unimportant—First, because, by the bill the United States Trust Company asks leave to bring, no relief is asked against those corporations; and, second, if there was, since the rights of the United States Trust Company grow out of contracts with respect to the subject-matter already in the possession and control of the court, that possession draws to the court having it the right to decide upon every conflicting claim to its ultimate disposition and possession that may be held or asserted by either of those corporations. Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., 137 U. S. 201, 11 Sup. Ct. 61, and cases there cited. They can be brought into the suit of the Mercantile Trust Company just as easily as they can be made parties to the suit the United States Trust Company seeks to bring. The court itself may, and always would, order them brought in if they should at any time, pending the suit, appear to be necessary parties to its proper determination. Nor is any good reason perceived

why the United States Trust Company, in setting up its rights under its first mortgage in the suit of the Mercantile Trust Company, may not bring them into that suit, if it is entitled to any relief against them in connection with the mortgaged property. Whether by a cross bill, pure and simple, or by a bill in the nature of a cross bill, is immaterial. In such a matter mere names are nothing. Here was a property, constituting a link in a great transcontinental railway, incumbered by two mortgages for large amounts, and in such a condition as rendered it imperative on the part of the court, at the suit of the second mortgagee, to take it into its possession, and operate it by means of receivers, in order to conserve the property, and to protect the interests of all parties concerned in it. With the property thus in the possession and control of the court, at the suit of the second morgagee, the holder of the first mortgage was made a party defendant by an amended and supplemental bill, and properly so made. Miltenberger v. Railway Co., 106 U. S. 306, 1 Sup. Ct. 140. Being a party to a suit for the foreclosure of the second mortgage, in which a receiver has been appointed, surely it can set up and ask for the foreclosure of its first mortgage on the same property, with the same force and effect as it can in and by an independent suit. As has already been said, the United States Trust Company, in the bill it asks leave to bring, does not ask for any affirmative relief against the Atchison, Topeka & Santa Fe Railroad Company, the St. Louis & San Francisco Railway Company, or the Boston Safe-Deposit & Trust Company; but, if it is entitled to, and should seek, any relief against the three corporations last named, growing out of the contracts alleged in the bill it asks leave to bring, I see no difficulty in the way of its being obtained by means of a cross bill, or a bill in that nature, filed in the suit of the Mercantile Trust Company. "A cross bill," says Mr. Justice Story (Eq. Pl. § 389), "ex vi terminorum, implies a bill brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. A bill of this kind is usually brought, either (1) to obtain a necessary discovery of facts in aid of the defense to the original bill, or (2) to obtain full relief to all parties, touching the matters of the original bill." And, as illustrative of cross bills for relief, he says (section 392):

"It also frequently happens, and particularly if any question arises between two defendants to a bill, that the court cannot make a complete decree without a cross bill or cross bills, to bring every matter in dispute completely before the court, to be litigated by the proper parties, and upon the proper proofs."

The supreme court of the United States, after quoting these sections from Story, in a case somewhat analogous to the present one, says:

"It seems to us that, in order that a decree might be made upon the whole matter in dispute, brought completely before the court, the bill in question was necessary, and was correctly styled a 'Cross Bill.' In no proper sense were new and distinct matters introduced by it, which were not embraced in the original and amended and supplemental bills; and, while it sought equitable relief, it was such as, in point of jurisdiction over the subject-

matter, the court was competent to administer. It may be that, so far as it sought the further aid of the court, beyond the purpose of defense to the original bill, it was not a pure cross bill; but that is immaterial. The subject-matter was the same, although the complainant in the cross bill asserted rights to the property different from those allowed to it in the original bill, and claimed an affirmative decree upon those rights. A complete determination of the matters already in litigation could not have been obtained except through a cross bill, and different relief from that prayed in the original bill would necessarily be sought. This bill was filed on leave, before the testimony was taken; and, though there should be as little delay as possible in filing bills of this kind, yet that was a matter entirely within the discretion of the court, which could have directed it to be filed even at the hearing. And whether this bill be regarded as a pure cross bill, as an original bill in the nature of a cross bill, or as an original bill, there is no error calling for the disturbance of the decree because the court proceeded upon it in connection with the other pleadings. The jurisdiction of the circuit court did not depend upon the citizenship of the parties, but on the subject-matter of the litigation. The property was in the actual possession of that court, and this drew to it the right to decide upon the conflicting claims to its ultimate possession and control." Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., supra.

In subsequent sections in his work on Equity Pleadings, Judge Story says:

"Where the cross bill seeks, not only a discovery, but relief, care should be taken that the relief prayed by the cross bill should be equitable relief, for, to this extent, it may be considered as not purely a cross bill, but in the nature of an original bill, seeking further aid from the court; and then the relief ought to be such as, in point of jurisdiction, it is competent for the court to give. * * * But, subject to this qualification, a cross bill, being generally considered as a defense to the original bill, or as a proceeding necessary to a complete determination of a matter already in litigation, the plaintiff is not, at least as against the plaintiff in the original bill, obliged to show any ground of equity to support the jurisdiction of the court. It is treated, in short, as a mere auxiliary suit, or as a dependency upon the original suit." Eq. Pl. §§ 398, 399.

In a note to the section last cited, it is said:

"A distinction should be drawn between cross bills which seek affirmative relief as to other matters than those brought in suit by the bill, yet properly connected therewith, and cross bills which are filed simply as a means of defense, since there are rules applicable to the one class which do not apply to the other. Thus, a dismissal of the original bill carries the cross bill with it when the latter seeks relief by way of defense; but it is otherwise, and relief may still be given upon the cross bill, where affirmative relief is sought thereby as to collateral matters properly presented in connection with the matters alleged in the bill;" citing a large number of cases.

And in the same note it is said:

"It seems to be settled, notwithstanding the dicta of Judge Curtis in Shields v. Barrow, 17 How. 130, 145, that new parties may be added by a cross bill, which is filed for affirmative relief;" citing Manufacturing Co. v. Prime, 14 Blatchf. 371, Fed. Cas. No. 1,810; Jones v. Smith, 14 Ill. 229; Allen v. Tritch, 5 Colo. 222.

In Manufacturing Co. v. Prime, supra, the court, after citing a number of cases in which it was held that new parties may be brought in by a cross bill, said:

"Opposed to all this, there is the remark of Mr. Justice Curtis in Shields v. Barrow, 17 How. 130, and the reasons given by him in support of it, to the effect that new parties cannot, in any case, properly be added by cross bill, without citing any authority for it, and books and cases that have

followed· that remark without citing any other authority. That precise question was not involved in that case, but the·mere dictum of such a judge of such a court would ordinarily be followed, especially by lower courts. An examination of his reasoning shows that he made the suggestion without much examination, probably, and his reasoning does not cover the whole ground as to all classes of cases. The modes of procedure he suggests would probably be ample in all cases of cross bills brought for discovery in aid of a defense merely to the original bill, but not in cases of those brought for relief, as well as defense, where new parties would be necessary to the relief sought. As in this case, the methods he states as the proper ones, if successfully followed, would enable the defendant in the original bill to defeat the· orator therein, but not to reach the affirmative relief prayed in the cross bill, if entitled to it. Weighty as that remark is, it is not thought to be sufficient to control the reasons and authorities·to the contrary of it. The result of what is thought to be the soundest reasoning, and the best considered authorities, is that, where a cross bill shows that there is a party to the subject of the litigation, as presented by it, who has not been before made a party, nor appeared to be a necessary one, and then does appear to be such, that party should be brought in by · the cross bill."

The distinction referred to in the note to section 399 of Story on Equity Pleading, above cited, and in the authorities there referred to, between a cross bill merely defensive in its character, and one which seeks affirmative relief in respect to matters connected with the subject embraced by the ·original bill, is a very just and proper one. See, also, Lodge, etc., v. Swann (W. Va.) 16 S. E. 462; Briscoe v. Ashby, 24 Grat. 464; Hurd v. Case, 32 Ill. 45; Hildebrand v. Beasley, 7 Heisk. 121; Blodgett·v. Hobart, 18 Vt. 414.

All of this being .true, as I think, and the receivers appointed in the suit of the Mercantile Trust Company having necessarily incurred, in the operation of the road, various obligations, for some of which they have. issued, under the authority of. the court, receivers' certificates, it is the duty of the court to protect them, as well as the liens of the mortgages. All of this can be well done in the one suit, whereas,. to permit the receivers to be sued in an independent suit, and, especially, to permit another and independent receivership of the ·same property, as is prayed in the bill the United States Trust Company asks leave to bring, would give rise to difficulties and complications, the full extent of which cannot be foreseen.

The application for leave to sue the receivers is denied.