BANKERS' TRUST CO. v. MISSOURI, K. & T. RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 22, 1918.)

No. 4995.

1. RECEIVERS ⬤⟆52—APPOINTMENT OF SEPARATE RECEIVERS—DISCRETION.

Where entire railway system was in possession of receiver for benefit of holders of all liens, and all issues involved would have to be decided by same court, it was not abuse of discretion to extend receivership over that part of railway's property covered by another mortgage, and to refuse to appoint separate receiver thereof.

2. ACTION ⬤⟆56—CONSOLIDATION OF SUITS.

Where entire railway system was in possession of receiver for benefit of holders of all liens, and all issues involved would have to be decided by same court, it was not abuse of discretion to consolidate another suit to foreclose a mortgage on a part of the system with receivership suit.

3. ACTION ⬤⟆57(2)—CONSOLIDATION OF SUITS.

That one of defendants in foreclosure suit is a Texas corporation, and is not a party to a receivership suit, is no obstacle to consolidation of such foreclosure suit with the receivership cause; no deficiency judgment against such corporation being sought.

4. APPEAL AND ERROR ⬤⟆1073(1)—HARMLESS ERROR—DECREE.

Legal effect of extension of railroad receivership to income of property covered by mortgage on part of system being to impound earnings, etc., for benefit of bondholders under that mortgage, there was no prejudicial error in court's refusal to make more specific order for impounding income.

5. ACTION ⬤⟆58—CONSOLIDATION—ORDER SEGREGATING INCOME.

There being no basis for allocation of income between different parts of railway system covered by separate mortgages, an order consolidating causes is not erroneous in failing to order receiver in parent suit to

---

⬤⟆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

segregate income derived from part of system covered by mortgage involved in outstanding foreclosure suit.

6. APPEAL AND ERROR ⊚⇒78(1)—APPEALABLE ORDERS—"FINAL DECISION."

That portion of court's order adjudging that acceptance of benefit of consolidation or extension of receivership should be deemed a consent to all administrative orders theretofore made in consolidated causes would completely deprive appellant, whose mortgage foreclosure suit was consolidated, of substantial right, and was therefore a "final decision," from which appeal would lie under Judicial Code, § 128 (Comp. St. 1916, § 1120).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

7. APPEAL AND ERROR ⊚⇒901—ORDERS OF LOWER COURT—PRESUMPTION.

The legal presumption is that the orders of the court below in a suit in equity are just, lawful, and without prejudice to any of the parties to the suit, and the burden is on an appellant, who assails one of them, to show by the record that it was erroneous and prejudicial to him.

Appeal from the District Court of the United States for the Eastern District of Missouri; William C. Hook, Judge.

Consolidated suits between the Bankers' Trust Company and the Missouri, Kansas & Texas Railway Company and others. From an order extending receivership, etc., the Bankers' Trust Company appeals. Affirmed.

Roberts Walker, of New York City (Bryan & Williams, of St. Louis, Mo., and White & Case, of New York City, on the brief), for appellant.

C. S. Burg, of St. Louis, Mo. (Joseph M. Bryson, of St. Louis, Mo., A. C. Rearick, of New York City, and Boyle & Priest, of St. Louis, Mo., on the brief), for appellees Missouri, K. & T. Ry. Co. and Edwards.

Edward C. Eliot, of St. Louis, Mo. (Edward Cornell, Charles E. Hotchkiss, and Davies, Auerbach & Cornell, all of New York City, and Eliot, Chaplin, Blayney & Bedal, of St. Louis, Mo., on the brief), for appellee Central Trust Co. of New York.

Frederick Geller and Edward H. Blanc, both of New York City, and Arthur B. Shepley, of St. Louis, Mo., for appellee Farmers' Loan & Trust Co.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

SANBORN, Circuit Judge. The Missouri, Kansas & Texas Railway Company, a corporation of Kansas, is the owner of an extensive system of railroads stretching southwesterly from St. Louis, lying in Missouri, Kansas, and Oklahoma. There is a blanket mortgage upon the railroads constituting this system, and there are many divisional mortgages, which rest upon respective parts of the system. Under a creditors' bill against the railway company the court below on September 27, 1915, appointed Charles E. Schaff receiver of all its railroads and property, to take and hold possession of them and to apply their income and proceeds to the payment of the expenses of the operation of the railroad and to the payment of the just debts of the company

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the order of the equities of their holders. On the same day, upon a like bill filed by another creditor, the receivership of Mr. Schaff was extended by order of the court over the second suit, and it was consolidated with the first. The receiver immediately took possession of all the property and has been operating the system of railroads ever since.

On November 13, 1915, the Central Trust Company of New York, as trustee in the consolidated mortgage of April 1, 1910, the blanket mortgage, filed its petition in the consolidated cause for leave to file its bill to foreclose its mortgage, and the court granted its prayer, ordered that the receivership of Mr. Schaff be extended to all the property covered by that mortgage, and that the suit to foreclose that mortgage, which had been commenced, and the suits then pending for the sale and disposition of the property of the railway company, should be consolidated into and should proceed in one case under the title: "Central Trust Company of New York v. Missouri, Kansas & Texas Railway Company, Defendant. In Equity. No. 4564. Consolidated Cause." This consolidated or blanket mortgage covered all the property of the railway company. Every other mortgage covered only a part of its property. On April 17, 1916, the Farmers' Loan & Trust Company, as trustee in the first and refunding mortgage of September 1, 1904, and on June 27, 1916, the New York Trust Company and Benjamin F. Edwards, as trustees under the general mortgage of January 1, 1906, filed their petitions in the consolidated cause for leave to file their respective bills to foreclose their mortgages, and on June 27, 1916, the court granted their petition, ordered that the receivership of Schaff be extended over the property covered by their mortgages, and that their suits to foreclose be consolidated with the consolidated cause No. 4564.

On June 27, 1916, the appellant, Bankers' Trust Company, the trustee in the second mortgage dated June 1, 1890, filed its petition in the consolidated cause for leave to be made a party defendant therein, and the court ordered that it should henceforth be a defendant in that cause, with the opportunity to plead and be heard on all matters, and that it should be given notice of all proceedings therein. On November 17, 1916, the appellant filed a petition in the consolidated cause for leave to file a bill to foreclose its second mortgage, and the court granted it leave to do so. The appellant filed in the court below its complaint to foreclose this second mortgage, and thereafter, on December 11, 1916, it filed its petition for the appointment of a receiver of the property subject to the lien of that mortgage, that, if Mr. Schaff or any other receiver should be appointed, he should be directed to keep separate accounts of his receipts from or on account of, and of his expenses paid and disbursements made from or on account of, the property covered by the lien of this second mortgage, and that he should apply such receipts for the benefit of the appellant and the holders of the bonds secured by that mortgage. On the same day the railway company and the complainants in the creditors' bills, upon which Mr. Schaff had originally been appointed receiver of all the railways and property of the railway company, made a motion

that the suit of the appellant to foreclose the second mortgage be consolidated with the consolidated cause No. 4564, and that the receivership of Mr. Schaff therein be extended to all the railroads and property described in the second mortgage.

After notice to all parties·in interest and a full hearing upon this petition and motion, the court below on June 14, 1917, made the order of which the appellant Bankers' Trust Company now complains. That order consists of five paragraphs. By the first the foreclosure suits of the New York Trust Company and Benjamin F. Edwards, trustees in the general mortgage of January 1, 1916, and of the appellant trustee in the second mortgage of June 1, 1890, are consolidated with the consolidated cause No. 4564. By the second the receivership of Mr. Schaff in the consolidated cause No. 4564 is extended to all the property covered by the general mortgage and the second mortgage, and to the receipts from or on account of that property, the powers conferred upon Mr. Schaff in the original and subsequent orders of appointment in the consolidated and constituent causes, including those affecting the property and income covered by or embraced in the second mortgage and the general mortgage, were continued·in full force and effect and made as binding upon the parties as though they were then entered; "but," so reads the order, "the relative rights of all the parties to the properties covered by the various mortgages and the income therefrom are hereby reserved for future determination. The acceptance of the benefit of the consolidation, or of the extension of the receivership, by this order, shall be deemed a consent to all administrative orders heretofore made in the consolidated or constituent causes." By the third the bond of the receiver was made to cover additional duties and responsibilities imposed by the order. The fourth and fifth paragraphs read in this way:

"4. The receiver is hereby directed to keep separate accounts of the earnings, tolls, revenues, rents, income, and profits of the railroads, properties, premises and franchises described in and covered by the lien of each of the· various mortgages involved in this consolidated cause including the second mortgage, and of the expenses of maintaining and operating the same. A more detailed direction in this matter of separate accounts is reserved for further consideration."

"5. Except as granted herein, the above-mentioned petition of the Bankers' Trust Company is denied. Said trust company excepts to such denial and to this order."

[1] The first error assigned by the appellant is that the court below refused to appoint in its foreclosure suit a separate receiver of the property covered by its mortgage and of the earnings, income, and profits thereof, and instead of doing so ordered the receivership in the consolidated cause extended to the property covered by the mortgage in which the appellant was the trustee and to the receipts therefrom. But all the property of the railway company was in the possession of Mr. Schaff, the receiver in the consolidated cause under appointment under the creditors' bill and the blanket mortgage, and the second mortgage in which the appellant was trustee covered only a part of the railroads and property of the railway company, a part which could not be wisely or conveniently segregated and operated

apart from the other portions of its system. The extension of a receivership of an entire system of railroads and its receipts, based upon liens which have attached thereto, over a part of that system and the receipts of that part which are covered by a prior or other mortgage, deprives those secured by the lien of the latter mortgage of no rights or equities which they would have had if a separate receiver of the property covered by their mortgage had been appointed. The legal rights of all parties, the equities of all parties, the priorities of all liens, remain the same in either case. There was, therefore, no violation of any legal right, or of any substantial equity, by the extension of the receivership of Mr. Schaff over the entire property to the part of that property covered by the appellant's mortgage, and the impounding of the earnings, income, and profits thereof for the benefit of the bondholders secured by that mortgage, by means of that extension, rather than by the appointment of a separate receiver therefor. It was discretionary with the court below which course it should pursue, and in view of the facts that the entire railway system was in the possession of the receiver for the benefit of the holders of all liens thereon, that there were many liens, some upon the entire system, many upon parts thereof respectively, that separate receivers for separate liens would multiply the labor and expenses of the litigation and of the administration and operation of the property, that receivers are but the hands of the court, that the property ordered into the possession of one or many of its receivers must after all be held, administered, and disposed of, and the issues arising in all these suits must be decided, by one and the same court, it was not an abuse of, but a just and wise exercise by the court below of, its judicial discretion to extend the receivership already in existence of all the railway company's property over that part of its property covered by the appellant's mortgage, and the receipts therefrom, for the benefit of the bondholders secured by that mortgage, and to refuse to appoint a separate receiver therefor.

[2, 3] Appellant also assigns as error the first paragraph of the order by which the court consolidated the foreclosure suit of the appellant with the consolidated cause, No. 4564, in Equity. But it was reasonable to make this consolidation (section 921, Revised Statutes [Comp. St. 1916, § 1547]), and there was no error or abuse of discretion in that part of the order for the same reasons that there was none in the refusal to appoint a separate receiver rather than to extend the existing receivership. Nor is it a tenable objection to the consolidation that one of the defendants in the appellant's foreclosure suit, the Missouri, Kansas & Texas Railway Company of Texas, is not a party to any of the other suits in the consolidated cause. That corporation holds the title to the railroads and property of the system under administration in the state of Texas in the Fifth circuit, which are operated as a part of the railway system of the defendant railway company, and of which the court below has no jurisdiction, and the Texas corporation holds none of the property in this circuit. No deficiency judgment against the Texas company is sought by the appellant in its suit in the court below, nothing but the foreclosure

of its mortgage, the appointment of a receiver, the sale of the mort-gaged property, and a judgment against the Kansas corporation. The possession in the consolidated cause by the court below, before the appellant commenced its suit to foreclose, of the res, of all the prop-erty of the Kansas company in this circuit, conferred upon it plenary power, in the exercise of its judicial discretion, to draw to itself and to consolidate with that cause the appellant's suit in the court below to enforce a lien upon part of that property, although the Texas cor-poration was a party thereto. Morgan's Co. v. Texas Central Ry., 137 U. S. 171, 177, 201, 11 Sup. Ct. 61, 34 L. Ed. 625; Mercantile Trust Co. v. Atlantic & Pac. R. Co. (C. C.) 70 Fed. 518, 521, 523; Continental Trust Co. v. Toledo, St. L. & K. C. R. Co. (C. C.) 82 Fed. 642, 644, 645, 646.

The appellant prayed in its petition that the receiver be directed forth-with, first, to keep separate accounts of the earnings, tolls, revenues, receipts, income, and proceeds of the property covered by the lien of the second mortgage and of the expenses and disbursements therefrom; and, second, that he be directed "to set apart, use, and apply such earnings, tolls, revenues, receipts, income, and profits for the benefit of your petitioner, as such successor trustee, and the holders of the bonds issued under and secured by the mortgage." The court or-dered the receiver to keep separate accounts of the earnings, tolls, revenues, rents, income, and profits of the property described in and covered by each of the various mortgages involved in the consolidated cause, including the properties covered by the second mortgage, and of the expenses of maintaining and operating the same, stated in the fourth paragraph of the order that "a more detailed direction in this matter of separate accounts is reserved for further consideration," and in the second paragraph that "the relative rights of all parties to the properties covered by the various mortgages and the income there-from are hereby reserved for future determination." In effect the court granted the first prayer of the appellant regarding the separate accounting and reserved the second to enable it to make directions in greater detail after further consideration.

[4] The appellant complains, first, that the court did not order that the earnings, tolls, rents, income, revenue, and profits from that part of the railway system covered by its mortgage was and should thereafter be impounded for the use and benefit of the bondholders secured by the second mortgage; and, second, that the court refused to make an order that the receiver forthwith segregate, set apart, and keep separate from the other receipts of the system of railroads he is operating the earnings, tolls, rents, income, revenue, and profits he receives from that part of the system covered by the second mort-gage, and that he conserve those receipts as a unit, apply them for the benefit of the bondholders secured by that mortgage exclusively, and use none of them upon or for the operation of any of the other parts of the railway system. There was no prejudicial error in the refusal of the court to make a more specific order for the impound-ing of the income, for the legal effect of the extension of the receiv-ership to the income of the property covered by the second mortgage

was from the date of the order completely to impound all the earnings, tolls, rents, income, revenues, and profits of the property covered by the second mortgage for the exclusive benefit of the holders of the bonds secured by that mortgage, as against the parties holding liens inferior to it in equity and as against the railway company itself. The receiver and all parties to the consolidated cause are by the order of extension charged with notice that the earnings and profits of that part of the system covered by the second mortgage are charged with a trust in the receiver's hands for the benefit of the bondholders secured thereby, and that they may not be lawfully dissipated or diverted to the benefit of others who have no superior equity.

[5] Nor does the record satisfy that the court either erred or abused its discretion in its failure to order the receiver to segregate, set apart, conserve as a unit, and apply to the benefit of the bondholders secured by the second mortgage, and use none of it for the operation of other parts of the system, the fund he thereafter derived or may derive from the earnings, income, and profits of the property covered by that mortgage. That should be and undoubtedly will be the ultimate effect of the order that has been made, and the detailed directions that will subsequently be made. But the railway system now operated as a unit by the receiver was built up out of many railroads and many extensions. The second mortgage is one of more than 20 mortgages upon various parts of this system. So far as this court is able to learn from the record and the briefs, the earnings and income of the system have never been allocated to the respective parts of it covered by the respective mortgages, nor to the part covered by the second mortgage, nor has the mileage basis, or any other basis, of allocation been agreed upon or established by order of the court, or otherwise, for this purpose. In this state of the case it is possible, nay probable, that the receiver could not have complied with such an order as was asked; the record does not disclose any method by which he could know what part of the income from the entire system, which was operated as a unit, was derived from a particular part of it, so that he could be sure to apply that particular part of the income exclusively for the benefit of the holders of a lien thereon, and the court ought not to require him to do the impossible. As early as June 27, 1916, the court below, after notice to the appellant and a hearing, made an order that the receiver should submit to the court, on notice to the counsel for the parties in the consolidated cause, a report and his recommendations as to the feasibility and method of keeping separate accounts of the earnings and expenses of the properties covered, respectively, by each and every mortgage on any of the property of the railway company. The receiver made his report, and some exceptions were filed to it. This order, and the report following it, were before the court below when it made the order here challenged. It was undoubtedly with a view to a consideration of the foregoing orders, and the report of the receiver, and to the speedy establishment of some basis for the allocation of income and expenses and for the separate accounting, that it deferred further action on this subject, and stated in its order that "a more detailed direction in this matter

of separate accounts is reserved for further consideration." Moreover, this part of the order was not final, and the conclusion is that there is no sound reason for now reversing it.

[6] Finally, counsel insist that the portion of the order which adjudges that "the acceptance of the benefit of the consolidation or of the extension of the receivership, by this order, shall be deemed a consent to all administrative orders heretofore made in the consolidated or constituent causes," deprives it of substantial rights and equities and is erroneous. Appellees challenge this contention, and also argue that it is not a final decision, and is therefore not appealable. Judicial Code (Act March 3, 1911, c. 231) § 128, 36 Stat. 1133, 2 U. S. Comp. Stat. 1916, § 1120. But the appellee held a mortgage upon the property described therein, whose lien thereon was prior in time and superior in equity to that of any of the parties to the consolidated cause, and it sought to impound that property and its income. There had been a default in the payment of the debt secured by its mortgage, and its right to foreclose that mortgage had accrued. Its mortgage embraced the earnings, tolls, income, rents, revenue, and profits of the property described in it. Upon the filing of its bill to foreclose its mortgage, the appellant was by the terms of its mortgage entitled, under the principles, rules, and practice of equity jurisprudence, to the immediate impounding of that income, and to the appointment of a receiver to hold it and the other property mortgaged to it for the exclusive benefit of the bondholders secured by its mortgage, as against all the parties to the consolidated cause, and who had sought a receiver or the impounding or use of any of the income or property of the railway company. The court made an order extending the receivership in the consolidated cause over the appellant's foreclosure suit, and appointing the receiver in the consolidated cause to hold the income from the property mortgaged to the appellant for the benefit of its bondholders; but by the clause in the order above quoted it in effect denied to the appellant and its bondholders any receiver and any impounding of any income for its benefit, or for the benefit of its bondholders, unless it and they consented to all the administrative orders that had been made by the court in the consolidated and constituent causes between September 16, 1915, when the creditors' bills were filed, and December 12, 1916, the date of the order.

Administrative orders, made in the operation of a great railroad system, may, and they frequently do, determine or substantially affect the rank, the amount, and the value of the rights and liens of mortgage bondholders and others holding liens upon the railroad property. For example, courts sometimes make administrative orders for the borrowing of money by receivers on their certificates, which the courts order to be secured on the railroad by lien superior to those of all mortgage and other lienholders. Bibber-White Co. v. White River Val. Electric R. Co., 115 Fed. 786, 53 C. C. A. 282. The compensation of receivers is usually fixed by administrative orders, and those orders are reviewable by the appellate courts generally as interlocutory, but sometimes, as final orders. Ruggles v. Patton, 143 Fed. 312, 314, 315, 74 C. C. A. 450, 452, 453. The general rule is that, upon an appeal

from the final order or decree in a proceeding in equity, such as a foreclosure suit or foreclosure suits, all the preceding interlocutory orders and decrees, affecting the rights or equities of the parties regarding the matters in controversy between them, are subject to review in the appellate court, and may be heard and decided at the same time. Perkins v. Fourniquet, 47 U. S. (6 How.) 206, 208, 12 L. Ed. 406; Forgay v. Conrad, 6 How. 201, 204, 205, 12 L. Ed. 404; Celluloid Mfg. Co. v. Cellonite Mfg. Co. (C. C.) 40 Fed. 476, 478; Pittsburgh, C. & St. L. Ry. Co. v. Baltimore & Ohio R. Co., 61 Fed. 705, 708, 10 C. C. A. 20, 23; N. K. Fairbanks Co. v. Windsor, 124 Fed. 200, 202, 61 C. C. A. 233, 235; Western Union Telegraph Co. v. United States & Mexican Trust Co., 221 Fed. 545, 551, 137 C. C. A. 113, 119. At the time the order under consideration was made the appellant was, and had been for many months, a defendant in the consolidated cause, and it had the undoubted right to appeal from the final order or decree in that cause, and thereby successfully to invoke a review, certainly of all the administrative orders made after it became a defendant from a review of which it had not estopped itself under the rules of court, and probably of all such orders from the commencement of the creditors' suits. The other parties to the consolidated cause and to the constituent suits still have this right of review. But by reason of the clause of the order in issue, if the appellant takes the benefit of the extension of the receivership, or of the consolidation, it consents to all the preceding administrative orders, however deleterious they may be to it, and to the interests of the bondholders it represents, and it is forever estopped from reviewing them by motion in the court below, by appeal, or otherwise. Albright v. Oyster, 60 Fed. 644, 9 C. C. A. 173; Chase v. Driver, 92 Fed. 780, 786, 34 C. C. A. 668, 674. If it does not consent, then it is deprived of its receiver, and of its impounding of the income to which it was entitled for the benefit of the bondholders secured by its mortgage.

The conclusion is that, as the appellant was entitled to both the right of review of the administrative orders in question by an appeal from the final order or decree that shall be made in the causes, and also to the receiver and the impounding of the income for the benefit of its bondholders, and as the clause of the order under discussion completely deprived it of one of these rights, it was a final decision affecting a substantial right of the appellant and the bondholders he represents, and it made the order which contained it appealable. A decision which completely deprives a party in a pending proceeding who is not jointly liable with others of a substantial right or equity is a final decision, and reviewable by appeal or writ of error under section 128 of the Judicial Code. Standley v. Roberts, 59 Fed. 836, 839, 8 C. C. A. 305, 308; Morrison v. Burnette, 154 Fed. 617, 622, 83 C. C. A. 391, 396; Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559; Hill v. Chicago & Evanston R. Co., 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331; Grant v. East & West R. Co., 50 Fed. 795, 1 C. C. A. 681.

[7] The conclusion that this order was appealable is not, however, a conclusion that it is reversible upon this record. It is not reversible, unless some administrative order in the consolidated cause, or in one

of its constituent causes, was erroneous and prejudicial to the interests of the appellant, or to the interests of the bondholders secured by the mortgage. Those orders were made by the court below, and the legal presumption is that they were just, lawful, and without prejudice to the appellant, that the court below knew them to be so when it made the order from which this appeal was taken, and that the latter order was just, lawful, and without prejudice to the appellant. The burden is on him who alleges error in the ruling, order, or decree of a court of equity to establish that error by the record he presents to the appellate court. Counsel for the appellant have not printed or presented in their record in this court any proceeding or administrative order made in the consolidated cause, or in any of its constituent causes, which was either erroneous or prejudicial to the appellant, or to the bondholders it represents. They have not pointed out in their briefs or argument, or in any way called attention to, any such order in the record of the voluminous proceedings in the court below in the consolidated and constituent causes, and this court has discovered no such order.

In other words, they have failed to show that the order from which they have appealed was either erroneous or prejudicial to the appellant, or the bondholders it represents, and therefore upon this record it is not reversible, and it is affirmed, with costs against the appellant.