GRANT *et al. v.* EAST & WEST R. Co. *et al.*

(*Circuit Court of Appeals, Fifth Circuit.* May 30, 1892.)

No. 45.

APPEALABLE DECREE—DISMISSAL OF AUXILIARY BILL—RETAINING CAUSE FOR MASTER'S REPORT.

An original bill was filed for the purpose of foreclosing a railroad mortgage. An auxiliary and dependent bill was then filed against complainant in the original bill, the railroad, and others, charging that certain bonds secured by the mortgage were invalid, and not entitled to benefit under the mortgage. *Held,* that a decree dismissing the auxiliary bill, but retaining the cause, and referring it to a master to ascertain the priority and validity of liens on the mortgaged subject, and marshal conflicting claims to the bonds in question, was final as to the auxiliary complainants, and one from which they might appeal.

Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Alabama.

Suit by Grant Bros. against the East & West Railroad Company of Alabama and others. From a decree for defendants, plaintiffs appeal. On motion to dismiss the appeal. Denied.

*Wager Swayne,* for the motion.

*A. C. King* and *J. J. Spalding,* opposed.

Before McCORMICK, Circuit Judge, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The American Loan & Trust Company of New York, in June, 1888, filed its bill to foreclose the consolidated first mortgage of the East & West Railroad Company of Alabama for the equal benefit of the holders of the bonds secured by said mortgage. To this bill the railroad company and James W. Schley and Joel Brown were made defendants. On the 26th of July, 1888, Grant Bros. had leave to file an auxiliary and dependent bill against the complainant in the original bill and the railroad and William C. Browning, Edward F. Browning, Eugene Kelly, John Byrne, John Hull Browning, and Amos G. West. This auxiliary bill was presented in behalf of complainants therein, and all other bondholders similarly situated, and charged that complainants and others were the innocent purchasers for value before maturity, and without notice of any defect in said bonds, of a considerable number thereof, and that 966 bonds, in which the defendants named in their bill claimed some interest or ownership, were invalid and illegal, and not entitled to benefit under said first consolidated mortgage. The defendants to the auxiliary bill answered individually, and the whole suit proceeded in the usual manner, and came on to be heard on the 22d of October, 1891, "upon

all of the proceedings and pleadings, including the original bill of fore-closure, and the auxiliary and dependent bill of Grant Brothers, and the intervention of James W. Schley, and the several answers thereto, and upon the proofs taken in said several causes, and was argued by counsel." And on the 13th of January, 1892, the decree of the circuit court thereon was filed therein, which, after the usual findings, covering every material issue made by the parties, concluded in these words:

"It is now ordered, adjudged, and decreed that the auxiliary and dependent bill of James and Frederick Grant be, and the same is hereby, dismissed, with costs; that the intervention of James W. Schley be, and the same is, maintained, so far as to recognize the validity of the judgment obtained by him in the circuit court of Cherokee county, in the state of Alabama, as a valid and binding judgment, with a lien upon the property of the said railroad company, but subject and inferior to the lien given by the first consolidated mortgage of the East & West Railroad Company of Alabama, herein declared foreclosed; and as to all other matters said claims and interventions of James W. Schley be, and the same are hereby, dismissed. And it is now further ordered, adjudged, and decreed that this cause be referred to the special master *pro hac vice,* F. S. Ferguson, to ascertain and schedule the mortgaged premises now in the hands of the receiver, under the orders of this court, and to report and determine with all convenient speed the validity and the amount of the liens on the mortgaged premises, and their relative priority, but in marshaling all conflicting claims to said bonds the said special master shall proceed according to this decree and in conformity therewith. And let it likewise be referred to the said master to take an account of what is due to the complainant, or to those for whom complainant claims, for principal and interest on the said mortgage and bonds so found outstanding, and entitled to the benefits of the lien of the said mortgage, and for complainant's disbursements and allowances to counsel for the mortgage, and costs to be taxed. And said master shall, in furtherance of this end, cause advertisements to be published in two newspapers, published one in Alabama and the other in Georgia, which he may think most fit, to the effect that such lien claimants as have hitherto failed to do so shall come in and file their interventions within thirty days thereafter, or, in default thereof, they will be excluded from the benefits of any decree in this suit, and from participation in the proceeds of any sale. And upon the coming in and confirmation of said report, let a decree *nisi* be entered that the defendant the East & West Railroad Company of Alabama have thirty days thereafter in which to pay into the registry of the court, to the credit of the cause, the amount so found due for principal and interest on the said mortgage; but, in default of such defendant's paying what shall so be found to be due by the said railroad company for principal, interest, and costs by the expiration of the time aforesaid, then the said defendant the East & West Railroad Company of Alabama, and the other defendants and interveners claiming through and under said railroad company, shall from thenceforth stand absolutely debarred and foreclosed from all equity or redemption of, in, and to the said mortgaged premises, and every part and parcel thereof. And upon the confirmation of the said report aforesaid, any party, intervener, or interlocutor shall have leave to apply for final decree herein, and for a sale of the mortgaged premises found to be embraced in said mortgage, in the event that the said railroad company shall continue to make default in the payment of the principal and interest, etc., found due on the mortgaged premises as aforesaid."

From this decree Grant Bros. prayed an appeal to this court, which was allowed by the circuit court, and was perfected, and in due time

the record was filed in this court.    The appellees now move to dismiss this appeal, "on the ground and for the reason that the said decree is not final, and because the same is not appealable" to this court.    Appellees' counsel contend that the cause cannot be divided so as to bring up successively different parts of it, (citing *The Palmyra*, 10 Wheat. 502,) and that appellants will not be injured by denying them an appeal in this stage of the proceedings.    The decisive nature of the order is admitted freely, as is also the right of appellants ultimately to have it reviewed here upon appeal; but counsel urge that the appeal has been prematurely taken, and that, when the master's report comes in and is finally acted upon by the court, upon appeal from that decree every matter in dispute will be open to the parties in this court, and may all be heard and decided at the same time; citing *Perkins* v. *Fourniquet*, 6 How. 206; *Iron Co.* v. *Martin*, 132 U. S. 91, 10 Sup. Ct. Rep. 32.    They contend that the only known qualification of this rule is that, when the decree decides the right to property in contest, and directs it to be delivered up by one party to his adversary, or directs it to be sold, or directs one party to pay a certain sum of money to his adversary, and the adversary is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the circuit court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed.    In all the cases cited by counsel in support of this motion, and in all the cases cited and reviewed by Mr. Justice BLATCHFORD in delivering the opinion of the court in *Iron Co.* v. *Martin* in support of their decision in that case, the decrees, though decisive of the main issue between the parties thereto, still left for further settlement before the master other and dependent issues between the same parties.    In this case before us the decree appealed from dismissed the complainants in the auxiliary bill entirely from the case, and also dismissed a number of defendants to that bill entirely from the case.    The matters retained for such action of the master as would require confirmation before a decree of sale was to issue were matters between the parties to the original bill, in which the complainants in the auxiliary bill and the defendants not parties to the original bill had no interest as parties, whatever might be their relation to the bonds and stock of the defendant railroad.    In *Hill* v. *Railroad Co.*, 140 U. S. 52, 11 Sup. Ct. Rep. 690, complainant sought to compel a transfer to him of certain shares of the capital stock of the defendant company, and for other relief against numerous defendants, who were alleged to be interested, more or less, in the several contracts and transactions out of which the claim of the complainant arose.    The cause came to decree 8th June, 1885, and relief to complainant "upon all matters and things in controversy" thereon was denied, except as to one matter, as to which it was retained against the railroad company and its directors, the only parties defendant interested in that matter.    From this decree the complainant prayed an appeal, which was allowed by the circuit court, but was not perfected in due time, and was dismissed for failure to file tran-

script in the supreme court at the next term after the appeal was taken. As to the matter retained, the case proceeded in the circuit court, and came on to be further heard, and to a further decree in January, 1887, from which decree complainant prayed an appeal, which was allowed and perfected. On this appeal all the errors alleged related to the decree made in June, 1885; none were assigned as to the decree of July, 1887; and the question, therefore, was whether on this appeal any of the matters which were determined by the decree of June, 1885, remained open for consideration. On this question the supreme court announce:

"We are of the opinion that the decree of June 8, 1885, was a final decree, within the meaning of that term in the law respecting the appellate jurisdiction of this court, as to all matters determined by it, and that they are closed against any further consideration. It disposed of every matter of contention between the parties, except as to the amount of one item, and referred the case to a master to ascertain that. * * * The fact that it was not disposed of did not change the finality of the decree as to the defendants against whom the bill was dismissed. * * * They were no longer parties to the suit for any purpose. The appeal from the subsequent decree did not reinstate them. All the merits of the controversy pending between them and the complainant were disposed of, and could not be again reopened, except on appeal from that decree," (of June 8, 1885.)

Any further review of the authorities cited and relied on to defeat this motion to dismiss the appeal in this case is unnecessary, as we are of opinion that the case last cited settles the question here made before us, and that the motion should be denied, and it is so ordered.

PARDEE, Circuit Judge, having sat in the circuit court rendering the decision appealed from, took no part in the hearing or disposition of this motion.