EMPIRE TRUST CO. et al. v. BROOKS.

(Circuit Court of Appeals, Fifth Circuit. April 20, 1916. Rehearing Denied May 20, 1916.)

No. 2761.

1. APPEAL AND ERROR &cong;80(1)—APPEALABLE DECREE—FINALITY.

A decree of a federal court, directing its receiver in a foreclosure suit against a corporation to turn over the mortgaged property to a receiver of a state court, made on application of the latter, is final and appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. &cong;80(1).]

2. COURTS &cong;493(3)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.

Where a state court, in which a suit was pending for the dissolution of a corporation and a distribution of its assets under a state statute, had made no order appointing a receiver, and had taken neither actual nor constructive possession of the defendant's property at the time a suit against it to foreclose a mortgage was commenced in a federal court and a receiver appointed, who took possession of the mortgaged property, the federal court acquired priority of jurisdiction with respect to such property, and an order directing its receiver to surrender it to a receiver subsequently appointed by the state court was erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1349–1352; Dec. Dig. &cong;493(3).]

3. COURTS &cong;500—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.

The actual possession of property by a receiver appointed by one court, or his constructive possession by having been appointed and qualified, although he has not reduced the property to actual possession, cannot be disturbed by another court of concurrent jurisdiction; but such rule does not apply in its strictness where the first court, although having acquired jurisdiction of a cause which may require possession of the property for its disposition, has not obtained such possession either actually or constructively. In such case the rule is one of comity, which requires a surrender of both possession and jurisdiction to the court first acquiring jurisdiction, if the issues and subject-matter of the two suits are essentially the same, but not where they are different, and where there is therefore no conflict of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408; Dec. Dig. &cong;500.]

Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Suit in equity by the Empire Trust Company, trustee, against the San Antonio Land & Irrigation Company, Limited; Sidney J. Brooks, receiver, intervener. From a decree in favor of intervener, complainant, defendant, and Floyd McGown, its receiver, appeal. Reversed.

The original bill in this cause was filed July 31, 1914, in the District Court of the United States for the Western District of Texas, by the appellant, the Empire Trust Company, as trustee under a mortgage, executed May 1, 1911, by the San Antonio Land & Irrigation Company, Limited, to it, against that and others of its subsidiary companies, praying for a foreclosure of the mortgage and the appointment of a receiver of the mortgaged property, pending final decree. One Preston, a bondholder and stockholder of the San Antonio Land & Irrigation Company, had previously, but on the same day, filed a bill in the district court of Bexar county, Tex., the purpose of which was the appointment of a receiver of the corporation, as an insolvent cor-

poration, under the statute of Texas, and, by an amendment, the marshaling of its asserts and its liquidation under the Texas laws. The suit in the state court was filed and brought to the attention of the judge of that court some hours before the filing of the bill in the federal court, and the state court judge had, prior thereto, made an order requiring the defendant corporation to show cause on August 24, 1914, why a receiver should not be appointed of the assets of the corporation. On August 12, 1914, the judge of the District Court of the United States for the Western District of Texas appointed Floyd McGown receiver of the defendant corporation in the foreclosure suit, and he took possession of the assets of the corporation and continued in possession of them up to and after the time of the filing of the intervention of the appellee herein. On August 31, 1914, the district court of Baxar county, Tex., appointed the appellee, Sidney J. Brooks, as receiver of the defendant corporation in that suit, under the petition filed in that court by Preston. On September 23, 1914, the state receiver, Brooks, applied to the judge of the District Court of the United States for the Western District of Texas for leave to intervene in the suit filed by the Empire Trust Company, as trustee, in that court, which leave was granted; and appellee thereupon filed his intervention, asking that the receiver theretofore appointed in the foreclosure suit be directed to turn over the assets in his possession to the intervener, as receiver under the appointment of the state court. This intervention came on for hearing in the District Court of the United States for the Western District of Texas on the 10th day of November, 1914, and the District Court, on that day, entered a decree in the intervention, directing its receiver, McGown, to turn over the property of the defendant corporation, in his possession as receiver, to the appellee, as receiver in the suit pending in the state court, and setting aside the previous order appointing McGown receiver in the foreclosure suit. It is from this decree that the present appeal is taken by the complainant and the receiver, McGown. The appellee has submitted a motion to dismiss the appeal, upon the ground that the decree appealed from is not a final decree.

West & McMillan and Thomas H. Franklin, all of San Antonio, Tex., for appellant Empire Trust Co.

William Aubrey, of San Antonio, Tex., for appellant McGown.

Williams & Hartman, of San Antonio, Tex., for appellant San Antonio Land & Irrigation Co., Limited.

Terrell, Walthall & Terrell, of San Antonio, Tex. (James D. Walthall and Frank C. Davis, both of San Antonio, Tex., and Alex S. Coke, of Dallas, Tex., on the brief), for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). [1] The decree was certainly not determinative of the issues presented by the original bill. It did, however, finally determine the issues presented by the intervention of appellee. If the court below had ruled upon the intervention adversely to appellee, the finality of the decree against him would be obvious. In view of the impossibility of the appellant proceeding with the foreclosure suit, and having a lien declared in it upon the mortgaged property, with the mortgaged property in the possession of another court of concurrent jurisdiction, we think the decree appealed from, directing the receiver in the foreclosure suit to turn the property over to the receiver appointed by the state court, was final. It was fatal to the relief prayed for in the foreclosure suit. The motion to dismiss is overruled, upon the authority of Wabash Railroad Co. v. Adelbert College, 208 U. S. 609, 28 Sup. Ct. 425, 52

L. Ed. 642; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207–225, 10 Sup. Ct. 736, 34 L. Ed. 97; Grant v. E. & W. R. R. Co., 50 Fed. 795, 1 C. C. A. 681.

[2] The question presented on the merits is whether the court below properly directed its receiver to surrender the mortgaged property, of which he had taken possession, to the receiver appointed by the district court of Bexar county, in the insolvency proceedings pending in that court. The record fails to show that the property had been delivered to the trustee under the mortgage by the defendant corporation prior to the institution of the suit in the state court by Preston. While the naked legal title to the real property was then in trustees for the defendant corporation, the record does not satisfactorily show that the mortgaged property was adversely held or possessed by such trustees or any one against the defendant corporation. Nor are we prepared to hold that the district court of Bexar county, Tex., was without jurisdiction to entertain the suit instituted by Preston therein and to appoint a receiver of the assets of the defendant corporation on his application. It is conceded that the suit in the state court was filed, and that an order, notice of which was afterwards served, was made by the judge of the state court, requiring the defendant to show cause why a receiver should not be appointed, before the filing of the foreclosure suit. It may also be conceded that possession of the assets of the defendant corporation would have become necessary to the exercise of the jurisdiction of the state court, at least, as it was invoked under the amended petition, which prayed for the marshaling of assets and liens and a distribution of assets among all creditors, according to their priorities. It is also true that mere irregularities in the process or procedure in the state court, which do not avail to show a want of jurisdiction, cannot be considered in the United States court, upon an application to it to surrender its possession to the receiver of the state court.

At the time the District Court of the United States for the Western District of Texas appointed its receiver, and at the time the receiver qualified and took possession of the mortgage property, the district court of Bexar county had made no order appointing a receiver in the cause there pending. The Texas state court had neither actual nor constructive possession of the mortgaged property at that time. The seizure by the receiver in the foreclosure suit, subsequently filed in the federal court, was therefore no interference with the possession of the state court or its receiver, since it then had none. The prior jurisdiction of the state court had, however, been invoked in a way that might thereafter require the possession by the state court of the mortgaged property for the accomplishment of the relief prayed for in the suit there pending. The question for determination is whether the federal court must surrender its first acquired possession to the state court, because the jurisdiction of the latter was first invoked in a matter which required possession of the res for its proper disposition.

[3] The rule is stated by the Supreme Court in the case of Wabash Railroad v. Adelbert College, 208 U. S. 38–54, 28 Sup. Ct. 182, 187 [52 L. Ed. 379], as follows:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession, as incident thereto and as ancillary to the suit in which the possession was acquired, has jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property. In the courts of the United States this incidental and ancillary jurisdiction exists, although in the subordinate suit there is no jurisdiction arising out of diversity of citizenship or the nature of the controversy. Those principles are of general application, and not peculiar to the relations of the courts of the United States to the courts of the states. They are, however, of especial importance with respect to the relations of those courts, which exercise independent jurisdiction in the same territory, often over the same property, persons, and controversies. They are not based upon any supposed superiority of one court over the others, but serve to prevent a conflict over the possession of property, which would be unseemly and subversive of justice, and have been applied by this court in many cases, some of which are cited, sometimes in favor of the jurisdiction of the courts of the states, and sometimes in favor of the jurisdiction of the courts of the United States, but always, it is believed, impartially and with a spirit of respect for the just authority of the states of the Union."

In the case of Palmer v. Texas, 212 U. S. 118–129, 29 Sup. Ct. 230, 233 [53 L. Ed. 435], the rule is stated more broadly, as follows:

"We think the law of this court is well established to be that jurisdiction over the property was acquired by the state courts when the receiver was appointed, the judicial process served, and the receiver duly qualified, although the * * * receiver had not taken actual possession of the property. This principle was recognized in Farmers' Loan & Trust Co. v. Lake Street Electric Ry. Co., 177 U. S. 51, 61 [20 Sup. Ct. 564, 44 L. Ed. 667], in which this court said: 'The possession of the res vests the court which has first acquired jurisdiction, with the power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of coordinate jurisdiction from exercising like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdictions embrace the same subjects and persons. Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, to administer trust or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to federal and state courts.' "

From these cases it appears that the rule may be invoked in two classes of cases: First, in cases where there has been a disturbance of the actual or constructive possession of the res in one court by the officers of another court of concurrent jurisdiction. Property in the actual possession of a receiver, appointed by one court, can in no event be disturbed by the action of a court of concurrent jurisdiction. It is equally true that property in the constructive possession of a receiver of one court, who has been appointed and qualified, but has not reduced the property to his actual possession, cannot be taken from his custody or that of the court appointing him by the action of any other court of concurrent jurisdiction. The rule is without exception

that the actual or constructive possession of one court through its receiver cannot be disturbed by another of concurrent jurisdiction. The second class of cases to be considered is that in which there is no interference with the possession, either actual or constructive, of one court by another court of concurrent jurisdiction, but only an interference with the jurisdiction of one court by another of concurrent jurisdiction by the taking possession by the latter of property, not in the possession actual or constructive of the former, but which may become necessary to the exercise of its jurisdiction in the progress of the cause pending before it. Of these two classes, the Supreme Court said, in Palmer v. Texas, supra:

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, *but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, to administer trusts or liquidate insolvent estates, and in suits of a similar nature, where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected.*"

It seems clear that where the basis of the rule is an infringement of the jurisdiction of the court, and not an interference with its possession of property, the rule depends upon the existence of such a conflict and is not absolute. The quoted language of the Supreme Court indicates that the rule, where there is no disturbance of possession, is one of limited and not of universal application. It is a rule of comity, to be applied by the court asked to surrender its possession, only when it is shown that that court has interfered with the jurisdiction of the court asking the surrender. It was held to be merely a rule of comity by this court in the case of Adams v. Mercantile Trust Co., 66 Fed. 617, 15 C. C. A. 1; a case in which there was a clear conflict of jurisdiction. Where the issues in the two suits are the same, and their subject-matter substantially identical, comity and the orderly administration of justice, and the desire to avoid a conflict of jurisdiction, require of the court that last acquires jurisdiction, though it be the first to acquire possession of the property involved in the litigation, that it surrender such possession, on application, to the court of concurrent jurisdiction which first acquired jurisdiction of the controversy. This was the holding in Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; Farmers' Loan Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Adams v. Mercantile Trust Co., 66 Fed. 617, 15 C. C. A. 1. In such cases, the court making the surrender abdicates its jurisdiction over the cause, as well as surrenders possession of the res.

However, where the issues in the subsequent suit are different from those involved in the first suit, and the subject-matter is not identical, there can be no infringement of the jurisdiction of the court in which the first suit is pending, by reason of the institution of the second suit in a court of concurrent jurisdiction. The only identity between the two suits in that event is that they relate to the same property, and, this being true, there is no apparent reason why the court which first acquires possession of the property should surrender its possession and thereby defeat its own jurisdiction, a jurisdiction which does not infringe upon the prior jurisdiction of the court in which the first suit was brought.

Where the purpose of both suits is the same, and the relief prayed for substantially identical, the prior jurisdiction of the first court should be respected. ' In the case of Palmer v. Texas, supra, the suit in the state court was an action by the state to forfeit the charter of the corporation and wind up its affairs. The suit in the United States court was an action by a stockholder to liquidate the corporation. Both were substantially alike in purpose. So, in the case of Farmers' Loan Co. v. Lake Street Ry. Co., supra, the suit in the federal court was an action to foreclose a mortgage, and that in the state court sought to enjoin the foreclosure. In the case of Adams v. Mercantile Trust Co., ·supra, the trustee under the mortgage was made a party defendant in the suit in the state court, so that the same issues were there presented as were involved in the subsequent suit in the federal court. An examination of each of the authorities, in which the principle of surrender has been applied to cases in which there was no interference with possession, but only a claimed conflict of jurisdiction, we believe will show an identity of issues and subject-matter between the two suits. The case of McKinney v. Kansas Natural Gas Co. (D. C.) 209 Fed. 772, is an exception.

The principle is thus stated in Gluck & Becker on Receivers, pp. 67, 68 (2d Ed. pp. 89–91):

"The decisive test, as expressed by the weight of authority, is that, when the controversy in both actions is the same, the court first acquiring jurisdiction of the controversy will retain it, and it is not necessary that it should take actual possession through its receiver of the property to obtain exclusive jurisdiction. If, however, the controversy is not the same, there is no conflict of jurisdiction as to the question or cause, and the court which first acquires jurisdiction over the property by actual seizure through its receiver will enforce that jurisdiction, and assume the actual possession, to which it gives the right, and until the property is seized, no matter when the suit was commenced, the court does not have jurisdiction over the property, and another court of concurrent jurisdiction may appoint a receiver, and through him take possession of the property."

In the case of De La Vergne Refrigerating Mach. Co. v. Palmetto Brewing Co. (C. C.) 72 Fed. 579, 584, 585, applying this principle, Circuit Judge Simonton said:

"The counsel who argued this case with equal ability and earnestness have treated it as threatening a conflict of jurisdiction. But, as has been said, it is a question of comity. The jurisdiction of the court over the controversy made here is unquestionable. The jurisdiction of the state court over the controversy made there cannot be disputed. The receiver of this court is in actual, peaceable possession. The receiver of the state court was appointed, subsequent to his appointment, in proceedings antedating those in this court. * * * In view, therefore, of the fact that the controversy in the suit in this court is entirely distinct from that in the state court, and that the scope and purpose of the proceedings in the state court are not those of the proceedings in this court, connected with the fact that the receiver heretofore appointed in the main cause is in actual, peaceable possession of the property, and that the complainant holds a legal lien on the property, entitling it to its possession through a receiver, the mortgagor being insolvent, and that this court has been asked by it not to exercise an act of discretion, but to give effect to a right secured to it by the Constitution and laws of the United States, the prayer of the petition cannot be granted, and it is so ordered."

This was said of an application by a receiver, appointed by a state court in an action, first brought by a stockholder for the appointment of a receiver of the corporation, to have surrendered to him the property of the corporation, which was in the possession of a receiver in a suit for the foreclosure of a mortgage, subsequently brought.

In the case of Moran v. Sturges, 154 U. S. 256–283, 14 Sup. Ct. 1019, 1028 (38 L. Ed. 981), the Supreme Court said:

"The contention is not only that the title to these vessels vested in the receiver as of July 31st, and that, in such a case as this, constructive is the equivalent of actual possession, but that, although the receiver did not qualify until after the seizure by the marshal, he thereupon became constructively possessed of the vessels as of July 31st, and the jurisdiction of the District Court was thereby ousted. But, if jurisdiction had attached, it would not be defeated, even by the withdrawal of the property for the purposes of the state court, and, moreover, the doctrine of relation has no application. As between two courts of concurrent and co-ordinate jurisdiction, having like jurisdiction over the subject-matter in controversy, the court which first obtains jurisdiction is entitled to retain it without interference, and cannot be deprived of its right to do so because it may not have first obtained physical possession of the property in dispute. But where the jurisdiction is not concurrent, and the subject-matter in litigation in the one is not within the cognizance of the other, while actual or even constructive possession may, for the time being, and in order to avoid unseemly collision, prevent the one from disturbing such possession, yet where there is neither actual nor constructive possession there is no obstacle to proceeding, and action thus taken cannot be invalidated by relation. That doctrine is resorted to only for the advancement of justice, and, under these state statutes, is adopted to defeat fraudulent, unwarranted, and unjust dispositions of the debtor's property, and to accomplish just and equitable ends. Herring v. N. Y., Lake Erie, etc., Railroad, 105 N. Y. 340, 377 [12 N. E. 763]. At the time these libels were filed and the marshal seized the property, it had not been developed whether or when the receiver would or might give the security required and enter upon the discharge of his duties, and he had neither actual nor constructive possession. The jurisdiction of the state court over the subject-matter of the winding up of the corporation and the distribution of its assets did not embrace the disposition of the claims of the libelants upon these vessels, nor were they as holders of maritime liens represented by the attorney general when he assented to the order of July 31st, as mere creditors of the Schuyler Company were. The adjudication by that order may have so operated on the title in respect of the parties to that suit as to place the property constructively in the custody of the law as of that date, but not as to all persons and for all purposes. Under the circumstances we are unable to accept the conclusion that simply by the institution of the winding up proceeding, property, subject to liens over which that court could not exercise jurisdiction in invitum, was placed in such a situation in respect of liability to being ultimately brought within the custody of the court that the District Court could not obtain jurisdiction for the purpose of ascertaining and enforcing those liens in respect of which its jurisdiction was exclusive. It appears to us that the District Court violated no rule of comity nor any other rule in entertaining the libels."

It is true the case of Moran v. Sturges is to be distinguished from this case, in that in it the state court did not have the capacity to take jurisdiction of the enforcement of maritime liens which were the subject-matter involved in the suit in the federal court, whose jurisdiction thereof was paramount and exclusive, while in this case the Texas state court had the capacity to take jurisdiction of the action to foreclose a mortgage. The Supreme Court, however, did not limit the rule of nonsurrender to cases in which the court, asking the surrender, was

shown to have no capacity to take jurisdiction of the controversy, and in which the jurisdiction of the court in possession was exclusive and paramount. On the contrary, it was held to apply as well to cases in which both courts had capacity to take jurisdiction, in favor of the court which first actually obtained it. On pages 283, 284 of 154 U. S., page 283 of 14 Sup. Ct. (38 L. Ed. 981), the court said:

"As between courts of concurrent and co-ordinate jurisdiction, having like jurisdiction over the subject-matter in controversy, *the court which first obtains jurisdiction is entitled to retain it without interference.*"

The court again recognized that the rule of nonsurrender applied in cases in which the court asking the surrender had not actually taken jurisdiction first, though clothed with the power to do so, as well as those in which it had no potential jurisdiction, by declaring the rule applicable, both in cases "where the jurisdiction is not concurrent" and in cases where *"the subject-matter in litigation in the one is not within the cognizance of the other."* Cognizance and the want of it may be actual as well as potential. Again the Supreme Court said:

"The jurisdiction of the state court over the subject-matter of the winding up of the corporation and the distribution of its assets did not embrace the disposition of the claims of the libelants upon these vessels, nor were they as holders of maritime liens represented by the Attorney General, when he assented to the order of July 31st, as mere creditors of the Schuyler Company were."

This language is more appropriate when applied to an absence of jurisdiction in fact than to an absence of jurisdiction in law. The Supreme Court held that a court having possession of the res is entitled to retain it (1) as against any court which has no jurisdiction of the controversy pending about it, though such court first assumed to exercise jurisdiction; and (2) as against any court clothed with jurisdiction of the controversy, provided jurisdiction was first obtained by the court in possession of the res and asked to surrender it.

In this case the federal court was first in possession of the res, and is asked to surrender its possession to the state court, a court whose general competency is conceded. The propriety of the surrender must therefore depend upon which court in fact first obtained jurisdiction of the subject-matter in controversy. Conflict of jurisdiction as to the subject-matter of the litigation does not mean merely that the two suits relate to the same physical property. Moran v. Sturges holds directly to the contrary. It means that the issues involved, relief prayed for, and parties to the two suits are so substantially alike that the lis pendens of the last brought is included in the first. Unless it can be said that the issues involved, the relief sought, and the parties to the suit in the federal court were included substantially in the lis pendens of the prior suit in the state court, the jurisdiction of the former did not conflict with that of the latter. The subject-matter of the suit in the federal court exclusively related to the foreclosure of the appellant's mortgage. In the suit as originally brought in the state court the foreclosure of appellant's mortgage was not sought. The appellant, as trustee, and the bondholders, as such, were not made parties to it. There had then been no default that would authorize a

foreclosure. The attitude of the suit in the state court in these respects remained unchanged until after the foreclosure suit was filed in the federal court, and its receiver had been appointed and taken possession. In the absence of the mortgagee, the state court could only have dealt with the property covered by the mortgage subject to the lien of the mortgage. It could not have sold the mortgaged property free of liens, nor could it have foreclosed the lien of appellant's mortgage in that suit as it then stood. Whatever may have been its power to acquire future jurisdiction of the foreclosure of the mortgage by amendment or intervention, it had not in fact done so, when the suit in the federal court was filed. It follows that the state court did not obtain jurisdiction of the subject-matter of the suit in the federal court; i. e., the foreclosure of the appellant's mortgage, by the filing of the suit in the state court, nor had it obtained it up to the time of the filing of the suit in the federal court. The federal court, consequently, first obtained jurisdiction of the subject-matter of the foreclosure of the mortgage. In doing so it did not come into conflict with any prior jurisdiction of the state court, for it had obtained none. The federal court also first acquired possession of the mortgaged property, and this possession was necessary to enable it to exercise its first-acquired jurisdiction to foreclose the mortgage.

We think the principle decided in the case of Moran v. Sturges properly applies to the facts of this case, though it be conceded that the district court of Bexar county, Tex., was clothed with general jurisdiction of actions to foreclose mortgages. We also cite in support of the right of the court first acquiring possession of the res to maintain it, as against a court in which was pending a suit, first brought, but relating to different issues, and the objects of which would require it to take possession of the property during the progress of the suit, the cases of Mercantile Trust Company v. M., K. & T. R. R. Co. (C. C.) 48 Fed. 351; Compton v. Jesup, 68 Fed. 263, 15 C. C. A. 397; State Trust Company v. National Land Imp. & Mfg. Co. (C. C.) 72 Fed. 575. The case of McKinney v. Kansas Natural Gas. Co. (D. C.) 209 Fed. 772, is opposed to this view.

It is with this second class of cases that we are concerned in this case, since there was no actual or constructive possession of the res in the state court, when the receiver of the federal court assumed possession of the mortgaged property. No receiver had at that time been appointed by the state court. Moran v. Sturges, 154 U. S. 255-284, 14 Sup. Ct. 1019, 38 L. Ed. 981. The suit in the district court was instituted by a creditor and stockholder for the purpose of winding up the corporation and distributing its assets among its creditors as an insolvent corporation under the Texas statutes. No lien was sought to be enforced in it; the creditor, who was a bondholder, did not rely on his security, or seek to have enforced the lien of the mortgage. The trustee under the mortgage was not made a party to the proceeding in the state court. After the suit was brought, other holders of bonds and of stock intervened, as well as certain riparian claimants; but the nature and the purposes of the suit were in no wise changed. The foreclosure of the mortgage lien was never within the lis pendens of

the state court suit. It was always and exclusively a liquidation proceeding by general creditors under the Texas statutes.

The suit in the District Court of the United States for the Western District of Texas sought exclusively the foreclosure of a mortgage which was a first lien on the property of the corporation. The plaintiff was the trustee under the mortgage, the defendants were the mortgagor and certain subsidiary corporations. The record shows quite conclusively that there was no probable equity over and above the mortgage indebtedness, and that the bondholders were primarily, if not exclusively, interested in the administration of the property. They had a prior claim over the unsecured creditors represented in the state insolvency proceedings, a claim which was not within the issues or subject-matter of that proceeding. Though some of the creditors in the state suit happened to be bondholders, they were not there insisting on their security or seeking to enforce it, and so were in the attitude of unsecured creditors.

Under the circumstances, we conclude that the issues, the subject-matter, and the relief prayed for in the two suits are so different that it cannot be said there is a conflict of jurisdiction between them. If both suits had sought the winding up of the corporation because of its insolvency, or both had sought to enforce a mortgage lien on the property of the corporation, such a conflict of jurisdiction would have existed, and possession would have been rightly surrendered to the court in which the first suit was instituted.

Neither the rule that, in case of conflict of jurisdiction, possession should be surrendered to the court first acquiring jurisdiction of the controversy, where it is or may be required for the purposes of the litigation during its progress, nor the rule against the disturbance of the court's possession has, therefore, any application in this case.

In addition, in this case, the persons having the prior right and probably the exclusive interest in the property, which is the subject-matter of the litigation, are the bondholders, who are represented by the plaintiff in the suit in the federal court. Ordinarily the parties chiefly interested in the administration of the property should be permitted to select the forum. It is asked, however, that the court, in which the prior lien is sought to be enforced, which has full jurisdiction to enforce it, and whose receiver is in peaceable possession of the mortgaged property, acquired by him when the state court had neither actual nor constructive possession of it, surrender the possession to a receiver, appointed by the state court, in a suit instituted by creditors, whose claims are entitled to payment only after those of the bondholders are fully satisfied, when to do so would defeat the jurisdiction of the federal court to foreclose the mortgage, which the plaintiff has rightfully invoked, and remit the plaintiff, along with the res, to the state court, to apply for leave to intervene in the insolvency proceedings to assert the lien of its mortgage in a proceeding, which had not taken cognizance thereof.

It appears to us that no rule of comity required the District Court to surrender its possession under the circumstances indicated, if it be conceded that a case, in which there is no conflict of jurisdiction between the state and federal courts, and no interference by the federal

court with the possession, actual or constructive, of the state court, is one to which the rule of comity applies at all.

The decree appealed from is reversed, and the cause is remanded, with instructions to set aside the order of November 10, 1914, reinstating the order of August 1, 1914, and thereafter proceed in the case as equity and good conscience may require.

WALKER, Circuit Judge (dissenting). I do not concur in the conclusion last stated in the foregoing opinion. It seems to me that the withholding from the state court of the possession of the property in question has the affect of interfering with that court's first acquired jurisdiction, as its possession of that property was necessary to enable it to exercise that jurisdiction. The conclusion that this is permissible is not reconcilable with the proposition that "as between two courts of concurrent and co-ordinate jurisdiction, having like jurisdiction over the subject-matter in controversy, the court which first obtains jurisdiction is entitled to retain it without interference, and cannot be deprived of its right to do so because it may not have first obtained physical possession of the property in dispute." Moran v. Sturges, 154 U. S. 256, 283-284, 14 Sup. Ct. 1019, 1028 [38 L. Ed. 981]. The effect of the decision in the case cited was that the proposition just stated by quoting from the opinion rendered in that case was not applicable therein, because that was the case of the exercise of a jurisdiction which was exclusive, not being possessed by the court whose jurisdiction was first invoked, that court not being vested with the admiralty jurisdiction, which was exercised by the court which first took possession of the property in question. In the instant case it is not denied that the state court had jurisdiction, which was exercisable in the suit first brought in it, to marshal the assets which that court was asked to take possession of by its receiver, to ascertain all claims to or against those assets, including liens or charges thereon, and to make distribution to all parties in interest according to their priorities. Such a jurisdiction includes the power to require a mortgagee of the whole or a part of those assets to intervene in that suit and assert his claim therein. The suit subsequently brought in the federal court invoked the exercise by that court, not of a paramount or exclusive jurisdiction, but of a jurisdiction which it had concurrently with the state court. I have not been convinced that the latter court properly can be deprived of its right to retain its first-acquired jurisdiction because another court, the concurrent and co-ordinate jurisdiction of which subsequently was invoked, first obtained physical possession of the property in dispute. I do not understand that the rule above stated is subject to an exception which renders it inapplicable when the suitor in the subsequently brought suit, in which possession is acquired, asserts a claim to or against the property in question which the court to which he resorts regards as being entitled to priority over the claim previously asserted by another in another court; the subsequently asserted claim being one which is cognizable by the court whose jurisdiction first attached, and in the suit which was the first one that invoked a jurisdiction the exercise of which required possession of the property in question.