OPPENHEIMER et al. v. SAN ANTONIO LAND & IRRIGATION CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1917.)

No. 3116.

Courts ⟨⟩508(2)—FEDERAL COURTS—ENJOINING SUIT IN STATE COURT—PRIORITY OF JURISDICTION.

A federal court, which by its receiver has taken possession of real estate in a suit to foreclose a mortgage on the same, and has entered a decree for its sale, has exclusive ancillary jurisdiction to adjudicate all claims against the property, and may properly enjoin the prosecution by third persons in a state court of a suit to enforce an alleged prior lien thereon.

Appeal from the District Court of the United States for the Western District of Texas; W. R. Smith, Judge.

Ancillary suit in equity by Floyd McGown, as receiver of the San Antonio Land & Irrigation Company, Limited, against Jesse D. Oppenheimer, Abraham Lang, and Isaac Lang. Decree for complainant, and defendants appeal. Affirmed.

Under a decree of the United States District Court for the Western District of Texas, entered in a suit brought in that court by the Empire Trust Company, trustee in a deed of trust securing bonds issued by the San Antonio Land & Irrigation Company, Limited, against the last-named company, Floyd McGown was in August, 1914, appointed receiver of all the properties claimed by that company, and took possession thereof, including the land with reference to which the appellants make the claims hereinafter stated. On January 29, 1917, a decree was rendered in that suit foreclosing the deed of trust upon properties set out in the decree, including the land just mentioned. On the 16th of April, 1917, the appellants filed in the district court of the Seventy-Third judicial district of the state of Texas against McGown, as such receiver, and others, a suit in which they claimed the superior legal title to land described in a deed made by them, which reserved a vendor's lien for the unpaid part of the purchase money, and sought the recovery of that land, and prayed in the alternative that judgment be rendered in their favor for the balance due on the vendor's lien note and foreclosing the lien securing the same. By a supplemental and ancillary bill, filed by McGown, as receiver, in the suit, under a decree in which he was appointed, against the appellants, he prayed that the appellants be restrained from the further prosecution of their above-mentioned suit in the state court, from further interfering with the receiver's possession, management, and control of the property, and from further interfering with the court's possession and control of property held by its receiver. On the hearing of the cause a decree was rendered, ordering the issuance of the injunction prayed for. The appeal is from that decree.

T. T. Vanderhoeven, Sylvan Lang, B. A. Greathouse, and Don A. Bliss, all of San Antonio, Tex., for appellants.

Thomas H. Franklin, of San Antonio, Tex. (Denman, Franklin & McGown, of San Antonio, Tex., on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge (after stating the facts as above). When the appellants brought their suit in the state court for the recovery of

land, or, in the alternative, for the foreclosure of a lien thereon, that land was in the custody of the United States District Court, being in the possession of its receiver appointed in a suit previously brought therein, in which suit the foreclosure of an asserted lien on that land was sought and had been decreed. Possession of that land by the United States court was necessary to the exercise of its jurisdiction. An effect of its so taking possession was a withdrawal of the property from the jurisdiction of all other courts. That court, during the continuance of its possession, has, as an incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property. Wabash Railroad v. Adelbert College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379; State of Texas v. Palmer, 158 Fed. 705, 85 C. C. A. 603, 22 L. R. A. (N. S.) 316; Palmer v. Texas, 212 U. S. 118, 29 Sup. Ct. 230, 53 L. Ed. 435; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Empire Trust Co. v. Brooks, 232 Fed. 641, 146 C. C. A. 567.

Provision for invoking the exercise of the ancillary jurisdiction mentioned was made in the foreclosure decree entered in the suit in which McGown was appointed receiver. A clause of that decree required the clerk of the court to issue at once notice to all persons having any claims against the San Antonio Land & Irrigation Company, Limited, or any of its properties, or who might claim any interest in any of its properties, to intervene in the suit upon such claims or demands within six months after the date of the decree. This shows that it was open to the appellants to assert in that court the claims which they were undertaking to have the state court pass upon.

The appellants, in their answer to the receiver's supplemental and ancillary bill, disclaimed any intention of interfering with the possession of the receiver, or of the court which appointed him, without that court's consent and order. There is a similar disclaimer in the argument made in their behalf in this court. But it is not made to appear that it was disclosed to the state court that it was not expected to undertake the enforcement of the judgment it was asked to render. The disclaimers mentioned do not make the bringing and prosecution of the suit in the state court any the less an attempt to have the controversy which that suit raised adjudicated by a court other than the one having, as a result of its previously acquired custody or possession of the subject-matter in controversy, exclusive jurisdiction to pass upon the claims asserted. Obviously the purpose was to have those claims adjudicated by the state court, and to rely upon that adjudication as binding and conclusive, in whatever other tribunal it might be invoked. The United States court, having first obtained jurisdiction of the matter in controversy, was not in error in restraining proceedings in another court involving the same subject-matter. Such restraint was appropriate to prevent the defeat or impairment of the United States court's exclusive jurisdiction. Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629.

The decree is affirmed.