### UNITED STATES v. STERLING et al.

(District Court, S. D. New York. March 29, 1923. On Motion to Reargue May 12, 1923.)

1. **Courts ⊜497—Court will not disturb another's custody of fund or adjudicate rights therein.**
   After one court has taken jurisdiction of a res, another will not undertake to disturb its custody or adjudicate rights in the fund, and usually, though not always, it is enough that the first suit is one in which the court could assume custody through a receiver, though it has not done so.

2. **Abatement and revival ⊜9—Suit not dismissed because pending suit to which plaintiff not a party involves custody of same fund.**
   Suit to enforce equitable lien on fund will not be dismissed because one defendant has brought suit in state court to impress trust on the same fund, where plaintiff is not a party thereto and would not be concluded by its result.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On Motion to Reargue.

**3. Deposits in court ⊙ˢ⇒1—Money in custody of responsible banks not ordered paid into court.**

> In suit to enforce equitable lien against fund in possession of entirely responsible banks, the court, in its discretion, will not order the fund paid into court when it would merely be deposited in another bank no more safe.

In Equity. Suit by the United States against George W. Sterling and others. On motions by defendants to dismiss the bill, and by plaintiff to reargue motion to compel payment into court. Motions denied.

Motion to dismiss a bill in equity. The bill alleged that the plaintiff had what may for the purposes of this motion be regarded as an equitable lien upon certain freight moneys collected by the defendant Sterling as agent for the plaintiff in the operation of two ships. It also alleged that the defendant Commercial Trust Company had begun an action in the state court against Sterling alone to impress a trust on the same moneys. The other two defendants were banks in which Sterling had deposited the moneys pending the litigation.

The motion depends upon the question whether as the res is now within the jurisdiction of a state court, the district court will entertain a suit which seeks to determine interests in the res.

John J. Curtin, of New York City, for the motion.
Henry M. Ward, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). [1] After one court has taken jurisdiction of a res, it is the uniform rule that another will not undertake to disturb its custody, or adjudicate rights in the fund. Wabash R. R. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379. Usually (Farmers' L. & T. Co. v. Lake Street Electric Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Palmer v. Texas, 212 U. S. 118, 129, 29 Sup. Ct. 230, 53 L. Ed. 435), though not always (Empire Trust Co. v. Brooks, 232 Fed. 641, 146 C. C. A. 567 [C. C. A. 5]), it is enough that the first suit be one in which the court could have assumed custody through a receiver at any stage, though it have not done so. The second court will not seize the res at the very lips of the first. Indeed, after final decree the first court will enjoin a suit instituted elsewhere by a party to the first to nullify its decree, Riverdale Mills v. Manufacturing Co., 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008; Gunter v. Atlantic Coast Line R. Co., 200 U. S. 273, 26 Sup. Ct. 252, 50 L. Ed. 477; Wilson v. Alexander, 276 Fed. R. 875 (C. C. A. 5). The first court may, moreover, retain jurisdiction of the cause in its final decree and then enjoin a suit not involved in that already decided, even by a person not a party to the first. Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629, Wabash R. R. Co. v. Adelbert College, supra.

[2] Even if this suit were between private parties, I know of no case which holds that it could be dismissed. The plaintiff here not being a party in the state suit will not be concluded by its decree. Granting that the state court might in such a case enjoin the prosecution of this suit, till the state suit were concluded, that would not dispose of it. Once the state suit is over, the plaintiff must be free to litigate its rights,

⊙ˢ⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which cannot be adjudicated in a suit to which it was a stranger. Such an injunction would not be permanent, nor go further than to suspend any action here until the state court had finally disposed of its suit. The priority of the state suit may be ground enough for a stay so as to avoid any disturbance of its custody or the execution of its decree, but it can on no theory go further than that. The issues arising here can in no wise be determined there and there is no conceivable reason, when that case is ended, why this should not go on. This disposes of the motion to dismiss, and involves no consideration of the plaintiff's sovereignty. The result would be the same were this suit between private parties.

Whether, the plaintiff being a sovereign and therefore immune from injunction, this court ought to stay this suit, is another question. No such motion has been made, and as the state suit has in fact gone to decree, it would be moot except as regards the New York Trust Company, which has not complied with that decree. The United States is indifferent, as I understand it, whether the New York Trust Company pays into court or to the Commercial Trust Company, but the New York Trust Company is not. My decision denying its motion for. leave to pay the deposit into this court and to enjoin the Commercial Trust Company from further proceedings in the state court against it, I have now on further reflection come to believe may have been wrong. It must be reargued, the Commercial Trust Company being meanwhile stayed from any such proceedings. The parties will fix a convenient date for the reargument of this motion, which I should like to have this week, all briefs to be ready, however, at the argument.

Motion to dismiss denied.

## On Motion to Reargue.

[3] Of the two motions to reargue, that of the New York Trust Company has been withdrawn. There remains, therefore, only the motion to reargue the motion of the United States to compel the two banks to pay their deposits into court. Since the original motion was decided, the Mechanics' & Metals Bank has in fact paid its deposit to the Commercial Trust Company. Therefore on reargument the United States asks that the Commercial Trust Company should pay the money into court. Similarly it asks that the New York Trust Company should pay its deposit into court. Assuming I had a right to do this, I see no reason to exercise my discretion. The Commercial Trust Company and the New York Trust Company are banks, so far as appears entirely responsible. If the money were paid into court, it would be deposited in the Chatham & Phœnix Bank. As between these three I know of no reason to suppose that the money is safer in one than in any other.

Therefore in the exercise of my discretion and without regard to any question of law I deny the motion of the United States to reargue its motion.